UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH JOHANSEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EFINANCIAL LLC,<br><br>Defendant. | NO.<br><br>**COMPLAINT—CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Kenneth Johansen, individually and on behalf of others similarly situated, alleges the following against Defendant eFinancial LLC ("eFinancial").

## I. NATURE OF ACTION

1. eFinancial provides life insurance coverage to consumers on behalf of well-reputed insurance companies.

2. eFinancial solicits life insurance sales using its own agents and through external agents and agencies who function as eFinancial partners.

3. eFinancial supplies its partners with a back-end system that provides insurance quotes from eFinancial-affiliated companies, underwriting services, application reviews,

COMPLAINT—CLASS ACTION - 1

TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

tracking of the medical exam process, confirmation that policies have been issued, and general customer support for consumers to whom the partners sell insurance plans.[1]

4. In order to solicit business from new consumers, eFinancial engages in unsolicited telemarketing using an autodialer, including calls to consumers who have their phone numbers registered with the Do Not Call Registry ("DNC").

5. eFinancial benefits directly from the illegal practices it employs and profits from every sale made through illegal consumer calls.

6. In Plaintiff's case, eFinancial made two unsolicited calls despite Plaintiff having his phone number registered with the DNC to prevent such calls.

7. These calls occurred despite the Plaintiff's explicit request to eFinancial in 2015 that eFinancial no longer call him.

8. Plaintiff now files this lawsuit seeking injunctive relief, requiring eFinancial to cease placing unsolicited calls to residential telephone numbers registered on the DNC, as well as an award of statutory damages and costs to Class members.

## II. JURISDICTION AND VENUE

9. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

10. This Court has personal jurisdiction over eFinancial, and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant eFinancial resides in this District.

---

[1] https://www.eFinancial.com/eindependent/case-management/

COMPLAINT—CLASS ACTION - 2

### III.  PARTIES

11. Plaintiff Kenneth Johansen resides in Ohio.

12. Defendant eFinancial is a Washington limited liability company.

### IV.  FACTUAL ALLEGATIONS

13. Plaintiff's telephone number, (XXX) XXX-1037, is a non-commercial telephone number not associated with any business.

14. Plaintiff's telephone number, (XXX) XXX-1037, is used for personal residential purposes only.

15. Plaintiff has not been an eFinancial customer or subscriber at any time and never consented to receive calls from eFinancial.

16. In fact, following prior telemarketing contacts, Plaintiff informed eFinancial, through its employee Michael Bowcok, that eFinancial should no longer make telemarketing calls to him.

17. Despite this, the Plaintiff received solicitation calls from eFinancial on April 6 and April 7, 2020.

18. During these calls, agents of eFinancial offered services to Plaintiff.

19. On the April 7, 2020 call, the caller identified herself as Tina Mandat.

20. Ms. Mandat stated that her company was eFinancial.

21. Plaintiff was not interested and had not requested information regarding those products.

22. In fact, the call in 2015 and the calls in 2020 all came from the same Caller ID number.

23. That Caller ID number is (614) 723-9346.

24. Individuals have complained about receiving insurance calls from this number. *See* https://www.whocalledme.com/PhoneNumber/614-723-9346 (Last Visited August 20, 2020).

COMPLAINT—CLASS ACTION - 3

## V. CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following class:

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant, or an agent on their behalf, called promoting their goods or services (2) on the person's residential telephone number, (3) two or more times during any twelve month period, and (4) for whom either Defendant claims (a) it obtained prior express written consent in the same manner as either Defendant claims it obtained prior express written consent to call Plaintiff, or (b) the Defendant did not obtain prior express written consent.

26. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

27. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any

COMPLAINT—CLASS ACTION - 4

**TURKE & STRAUSS LLP**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether eFinancial systematically made multiple telephone calls to Plaintiff and other consumers whose telephone numbers were registered with the DNC;

(b) whether eFinancial made calls to Plaintiff and other consumers without first obtaining prior express written consent to make the calls;

(c) whether eFinancial's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

29. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

30. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden

COMPLAINT—CLASS ACTION - 5

and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

31. Plaintiff repeats and realleges the paragraphs of this Complaint and incorporates them by reference herein.

32. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

33. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

34. Defendant eFinancial violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the DNC Registry Class members who registered their respective telephone numbers on the DNC

COMPLAINT—CLASS ACTION - 6

Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

35. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the DNC Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the DNC Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

36. To the extent Defendant' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages to be paid into a common fund for the benefit of Plaintiff and the Class;

c) An order declaring that Defendant's actions violated the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

COMPLAINT—CLASS ACTION - 7

## VII.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 11th day of September 2020.

        TURKE & STRAUSS LLP

        By:   /s/ Samuel J. Strauss, WSBA #46971
           Samuel J. Strauss, WSBA #46971
           Email:  sam@turkestrauss.com
           936 North 34th Street, Suite 300
           Seattle, Washington  98103-8869
           Telephone: (608) 237-1775
           Facsimile:  (608) 509-4423

        *Attorneys for Plaintiff*

COMPLAINT—CLASS ACTION - 8

**TURKE & STRAUSS LLP**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com