UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH JOHANSEN,

      Plaintiff,

 v.

EFINANCIAL LLC,

      Defendant.

CASE NO. 2:20-cv-01351-RAJ-BAT

**ORDER SETTING PRETRIAL SCHEDULE**

  This matter has been assigned to the undersigned for all pretrial proceedings (Dkt. 7) and the parties have submitted a Joint Status Report. Dkt. 20. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, arising from alleged unsolicited, autodialed calls made by or on behalf of Defendant to individuals like Plaintiff, including to consumers registered on the National Do Not Call registry ("DNC"). Based on these calls, Plaintiff asserts claims on behalf of a class for violations of 47 U.S.C. § 227 and the TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), the TCPA's restriction against calling individual's whose numbers are on the Do Not Call Registry. Defendant denies it has violated the TCPA or acted improperly in any way. Defendant also contends that Plaintiff cannot satisfy the requirements for maintaining a class under Federal Rule of Civil Procedure 23.

ORDER SETTING PRETRIAL SCHEDULE - 1

The parties have proposed separate pretrial schedules. Plaintiff proposes that all discovery be conducted at one time because issues and discovery relating to him will be common for the entire proposed class (which is expressly defined to include only persons from whom Defendant claims to have obtained consent). Defendant proposes that discovery (and dispositive motions) on Plaintiff's individual claims should proceed prior to class discovery as Defendant believes it has evidence that it had express written consent to call Plaintiff and thus did not violate the TCPA.

The Court agrees that limiting discovery initially to Plaintiff's individual claims is the more efficient and cost-effective means of proceeding as fees and costs associated with burdensome class discovery will be avoided if Plaintiff's claims fail. If Plaintiff's claims survive summary judgment, class discovery can proceed and within 14 days after any class certification ruling, the parties can submit a second joint status report regarding other deadlines to be set in this case.

Accordingly, it is **ORDERED** that this case shall proceed pursuant to the following pretrial schedule:

| DEADLINE OR EVENT | PROPOSED DATE |
|---|---|
| Deadline to join additional parties and amend pleadings | December 31, 2020 |
| Close of Merits Discovery | March 26, 2021 |
| Summary Judgment Motion Deadline | April 16, 2021 |
| Summary Judgment Opposition Deadline | May 7, 2021 |
| Summary Judgment Reply Deadline | May 21, 2021 |

ORDER SETTING PRETRIAL SCHEDULE - 2

| | |
|---|---|
| Class Discovery Opens | 30 days from any ruling denying Summary Judgment Motion |
| Close of Class Discovery | 6 months after Class Discovery Opens |
| Deadline for Disclosure of Expert Reports | 14 days after close of Class Discovery |
| Deadline for Disclosure of Rebuttal Reports | 28 days after Deadline for Disclosure of Expert Reports |
| Class Certification Motion Deadline | 60 days after close of Class Discovery |
| Class Certification Opposition Deadline | 21 days after Class Certification Motion Deadline |
| Class Certification Reply Deadline | 14 days after Class Certification Opposition Deadline |
| Deadline for Joint Final Pretrial Statement | To be set after the court's ruling on class certification. |
| All Other Motions Due (including motions in limine and trial briefs) | To be set after the court's ruling on class certification. |
| Trial Term | To be set after the court's ruling on class certification. |
| Estimated Length of Trial [trial days] | To be determined after the court's ruling on class certification. |
| Jury Trial | To be determined |

This order sets firm dates that can be changed only by order of the Court, not by agreement of counsel for the parties. The Court will alter these dates only upon good cause shown. Failure to complete discovery within the time allowed is not recognized as good cause. If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day.

ORDER SETTING PRETRIAL SCHEDULE - 3

**Discovery and Cooperation**

As required by CR 37(a), all discovery matters are to be resolved by agreement if possible. Counsel are also directed to cooperate in preparing the final pretrial order in the format required by CR 16.1, except as ordered below.

**Settlement**

If this case settles, plaintiff's counsel shall notify Andy Quach at (206) 370-8421 or via e-mail at: andy_quach@wawd.uscourts.gov, as soon as possible. Pursuant to CR11(b), an attorney who fails to give the Deputy Clerk prompt notice of settlement may be subject to such discipline as the Court deems appropriate. The Clerk is directed to send copies of this Order to all parties of record.

DATED this 4th day of December, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER SETTING PRETRIAL SCHEDULE - 4