The Honorable Judge Brian A. Tsuchida

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

KENNETH JOHANSEN, on behalf of himself and all others similarly situated,

    Plaintiff,

vs.

EFINANCIAL LLC,

    Defendant.

No. 2:20-cv-01351

DEFENDANT'S UNOPPOSED MOTION TO FILE CERTAIN SUMMARY JUDGMENT EXHIBITS UNDER SEAL

Pursuant to W.D. Wash. LCR 5(g), Defendant Efinancial LLC ("Efinancial") moves this Court for leave to seal certain exhibits to its motion for summary judgment.

**I.   FACTS**

Several of the exhibits to Efinancial's motion for summary judgment include Plaintiff's personal identifying information, such as his birth date, phone number, address, and Plaintiff's answers to questions about his medical history. Those exhibits include:

1. A screenshot from Efinancial's database that includes Plaintiff's personal identifying information, including his birth date, phone number, and email address (Exhibit A to the Declaration of Marie Boisseau);

- 1 -

Defendant's Motion to Seal,
Case No. 2:20-cv-01351

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000

    2.    Efinancial's call log, which contains Plaintiff's phone number (Exhibit B to the Declaration of Marie Boisseau); and

    3.    The transcript of the telephone call between Plaintiff and Efinancial representatives in which Plaintiff provides his personal identifying information to the representatives and answers questions about his medical history (Exhibit A to the Declaration of Terance A. Gonsalves).

The Court entered a stipulated protective order that permits the use of a "Confidential" designation for certain information, including Plaintiff's personal identifying and health information. Dkt. No. 23 at 2. The three exhibits that Efinancial seeks to seal have all been designated as Confidential under the stipulated protective order. Efinancial has filed redacted versions of these exhibits contemporaneously with the filing of its motion for summary judgment. Efinancial seeks leave of this Court to file unredacted versions of the foregoing exhibits under seal.

## II. LEGAL STANDARD

While there is a "strong presumption in favor of access to court records," that presumption "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Delashaw v. Seattle Times Co.*, No. C18-537 JLR, 2020 U.S. Dist. LEXIS 93506, at *3 (W.D. Wash. May 28, 2020). When the sealed record is attached to a filing that relates to the merits of the case, courts use the "compelling reason" standard to evaluate whether the record should be sealed. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098-99 (9th Cir. 2016). "Under the compelling reasons standard, the party seeking to seal a judicial record bears the burden of showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" *Edifecs, Inc. v. Welltok, Inc.*, No. C18-1086JLR, 2020 U.S. Dist. LEXIS 4868, at *3 (W.D. Wash. Jan. 10, 2020) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006)).

## III. ARGUMENT

Efinancial's three exhibits should be filed under seal because the protection of Plaintiff's personal identifying information and medical history outweighs the public policy favoring

- 2 -

Defendant's Motion to Seal,
Case No. 2:20-cv-01351

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000

disclosure. "The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 U.S. Dist. LEXIS 84000, at *9-10 (N.D. Cal. Oct. 31, 2007), *aff'd sub nom*, 627 F.3d 376 (9th Cir. 2010). Moreover, "courts have recognized that personal health information "could become a vehicle for improper purposes." *Cal. Spine & Neurosurgery Inst. v. United Healthcare Ins. Co.*, No. 19-CV-02417-LHK, 2021 U.S. Dist. LEXIS 27552, at *8 (N.D. Cal. Feb. 12, 2021); *see also Miller v. Boys & Girls Clubs*, No. C15-2027-JCC, 2017 U.S. Dist. LEXIS 32420, at *26 (W.D. Wash. Mar. 7, 2017) (granting motion to seal when documents contained "private medical and personal information about Plaintiff."). Plaintiff has a legitimate privacy interest in keeping this information private, and if his information was made public, it could expose Plaintiff to harm or be used for an improper purpose. As such, these three exhibits should be filed under seal.

As a less restrictive alternative, Efinancial publicly filed redacted versions of these exhibits. *See also* Local Rules W.D. Wash. LCR 5.2(a)(1) (requiring redaction of year of birth). However, Plaintiff's provision of his personal identifying information and information about his medical history to Efinancial is integral to the arguments raised in Efinancial's motion for summary judgment. As explained in Efinancial's motion for summary judgment, the fact that Plaintiff freely provided this personal information to Efinancial representatives during a telephone call shows the Plaintiff provided consent to be called. Therefore, it will be necessary for the Court to see the substance of the information that Plaintiff provided, and Efinancial seeks leave to file unredacted versions of the documents under seal for the Court's consideration.

As required by W.D. Wash. LCR 5(g)(3(A), the undersigned counsel certifies that on April 14, 2021, Efinancial's counsel Katie Gamsey conferred with Plaintiff's counsel Avi Kaufman over the telephone regarding the sealing of these exhibits. Plaintiff's counsel does not object to these exhibits being filed under seal.

If the Court denies Efinancial's motion to seal, Efinancial requests that the Court remove the three sealed, unredacted exhibits from the docket.

Defendant's Motion to Seal,
Case No. 2:20-cv-01351

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000

1    IV.     **CONCLUSION**

2        For the foregoing reasons, Efinancial asks the Court to grant its motion for leave to file

3    Exhibits A and B to the Declaration of Marie Boisseau and Exhibit A to the Declaration of Terance

4    A. Gonsalves under seal.

5    Date: April 16, 2021

                                                */s/ Terance A. Gonsalves*
                                                Terance A. Gonsalves (admitted *pro hac vice*)
                                                **ALSTON & BIRD LLP**
                                                1201 W. Peachtree St. NW
                                                Atlanta, Georgia 30309
                                                Telephone: (404) 881-7000
                                                Facsimile: (404)) 881-7777
                                                terance.gonsalves@alston.com

                                                Matthew S. Adams
                                                **FORSBERG & UMLAUF, P.S.**
                                                901 Fifth Avenue, Suite 1400
                                                Seattle, WA 98164
                                                206-346-3945

                                                *Counsel for Defendant*

- 4 -

Defendant's Motion to Seal,
Case No. 2:20-cv-01351

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 16, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically sends an electronic notification to all counsel of record and other CM/ECF participants.

*/s/ Terance A. Gonsalves*
Terance A. Gonsalves

- 5 -

Defendant's Motion to Seal,
Case No. 2:20-cv-01351

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000