The Honorable Brian A. Tsuchida

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| KENNETH JOHANSEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EFINANCIAL LLC,<br><br>Defendant. | No. 2:20-cv-01351<br><br>DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT<br><br>ORAL ARGUMENT REQUESTED |

Defendant's Reply in Support
of its Motion for Summary Judgment,
Case No. 2:20-cv-01351

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................. 1

II. ARGUMENT ........................................................................................................ 1

    A. There is No Genuine Issue of Material Fact that Plaintiff Visited Efinancial's Website and Provided Consent to be Called. ...................................... 1

    B. The Safe Harbor Defense Applies to Efinancial. ...................................... 6

        1. Efinancial Called Plaintiff in Error. ............................................... 6

        2. Efinancial Maintains a Do-Not-Call List and Substantially Complies with the Regulatory Requirements. ........................................... 9

            a. There is No Genuine Issue of Material Fact as to Whether Efinancial Maintains a Do-Not-Call List. ....................................... 9

            b. Efinancial Has Substantially Complied with the Regulatory Standards. .................................................................................. 10

III. CONCLUSION .................................................................................................. 12

Defendant's Reply in Support
of its Motion for Summary Judgment,
Case No. 2:20-cv-01351

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ................................................................................................................6

*Baumgardner v. Town of Ruston*,
    712 F. Supp. 2d 1180 (W.D. Wash. 2010) ..............................................................................2

*Commonwealth v. Molina*,
    71 N.E.3d 117 (Mass. 2017) ...................................................................................................4

*Hovila v. Tween Brands, Inc.*,
    No. C09-0491RSL, 2010 U.S. Dist. LEXIS 34861 (W.D. Wash. Apr. 7, 2010) ..................11

*Johansen v. Nat'l Gas & Elec. LLC*,
    No. 2:17-cv-587, 2017 U.S. Dist. LEXIS 208878 (S.D. Ohio Dec. 20, 2017) ......................5

*N. L. v. Credit One Bank, N.A.*,
    960 F.3d 1164 (9th Cir. 2020) ................................................................................................8

*Nelson v. Pima Cmty. Coll.*,
    83 F.3d 1075 (9th Cir. 1996) ..................................................................................................5

*Rith v. United States*,
    No. 2:19-cv-01582-BJR, 2020 U.S. Dist. LEXIS 237808 (W.D. Wash. Dec. 17, 2020) ......2

*Sawyer v. Cnty. of Sonoma*,
    719 F.2d 1001 (9th Cir. 1983) ..............................................................................................10

*Shotgun Delivery, Inc. v. United States*,
    269 F.3d 969 (9th Cir. 2001) ................................................................................................10

*Simmons v. Charter Communications, Inc.*
    222 F. Supp. 3d 121, 135-36 (D. Conn. 2016), *aff'd*, 686 F. App'x 48 (2d Cir. 2017) .....6, 7, 8

*Soremekun v. Thrifty Payless, Inc.*,
    509 F.3d 978 (9th Cir. 2007) ..................................................................................................2

*United States v. Elmore*,
    No. C05-0810JLR, 2012 U.S. Dist. LEXIS 96964 (W.D. Wash. July 12, 2012) ..................3

*Van Patten v. Vertical Fitness Grp.*,
    847 F.3d 1037 (9th Cir. 2017) ..............................................................................................10

Defendant's Reply in Support
of its Motion for Summary Judgment,
Case No. 2:20-cv-01351

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000

**OTHER AUTHORITIES**

A. Mackey, S. Schoen, & C. Cohn, *Unreliable Informants: IP Addresses, Digital Tips and Police Raids,* ELECTRONIC FRONTIER FOUNDATION (Sept. 2016) ......................................4

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*,
7 FCC Rcd. 8752 (F.C.C. Sept. 17, 1992) ...............................................................................11

Statement of Findings, § 2, Pub. L. 102-243 (Dec. 20, 1991) ........................................................11

Defendant's Reply in Support
of its Motion for Summary Judgment,
Case No. 2:20-cv-01351

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000

## I. INTRODUCTION

It is undisputed that Defendant Efinancial LLC ("Efinancial") received a request for life insurance that contained Plaintiff's information, including his name and phone number. It is also undisputed that the *only* way Efinancial could have received that information is if it was submitted with consent to be called. Yet Plaintiff, a serial Telephone Consumer Protection Act ("TCPA") litigant, contends in his conclusory and self-serving attestations that he did not submit this information. Plaintiff's unsupported theory as to how Efinancial received his information seems to be that another person, perhaps a computer hacker in the Philippines, requested a life insurance quote using Plaintiff's personal information to induce Efinancial to call Plaintiff. Aside from the fact that it is unclear why a person would have any reason to do such a thing, this speculation on Plaintiff's part does not create a genuine issue of a material fact. Plaintiff's theory is simply nonsensical.

Even if Plaintiff's tenuous and unlikely theory is true, which it clearly is not, it would simply be inequitable to hold Efinancial liable for the *single* call that could give rise to liability under the TCPA in this case. Based on the processes it has in place to ensure its compliance with the TCPA, Efinancial had every reason to believe that Plaintiff provided consent to be called and had no reason to suspect that anyone other than Plaintiff requested a life insurance quote. Therefore, if Plaintiff did not submit the life insurance quote request, Efinancial's calls to Plaintiff were in error. Moreover, Efinancial substantially complied with the regulatory requirements of the safe harbor defense by implementing practices and procedures that fulfill the spirit of the TCPA by preventing unsolicited calls and should therefore be afforded the protection of the safe harbor.

## II. ARGUMENT

### A. There is No Genuine Issue of Material Fact that Plaintiff Visited Efinancial's Website and Provided Consent to be Called

Plaintiff fails to create a genuine issue of a material fact as to whether he requested a life insurance quote from Efinancial and consented to be called. As the movant, Efinancial met its

Defendant's Reply in Support
of its Motion for Summary Judgment,
Case No. 2:20-cv-01351

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000

initial burden and presented evidence to show that no reasonable trier of fact could find that someone other than Plaintiff submitted the request. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (explaining the movant's initial burden at summary judgment). Plaintiff primarily relies on his self-serving declaration as evidence that he did not visit Efinancial's website and therefore did not request a life insurance quote. Nevertheless, Plaintiff's declaration falls short of creating a genuine issue of material fact. "[C]onclusory, self-serving affidavit[s]" that lack "detailed facts and any supporting evidence" are "insufficient to create a genuine issue of material fact." *Rith v. United States*, No. 2:19-cv-01582-BJR, 2020 U.S. Dist. LEXIS 237808, at *9 (W.D. Wash. Dec. 17, 2020); *Baumgardner v. Town of Ruston*, 712 F. Supp. 2d 1180, 1197 (W.D. Wash. 2010). Here, Plaintiff states in his declaration that he received calls from Efinancial on April 6 and 7, 2020, he reviewed the transcription of the April 7 telephone call, and it is accurate. ECF No. 37 at ¶¶ 8-10. His declaration also states that his statements made during the April 7 telephone call about not visiting Efinancial's website and the statements he later made to Efinancial were accurate. ECF No. 37 at ¶¶ 11-12. Interestingly, instead of simply attesting that he did not visit Efinancial's website on April 6, 2020 and that he did not submit a request for a life insurance quote, Plaintiff instead equivocates and states that "[a]ll of my statements I made regarding the fact that I did not visit the website inquired about during the call were accurate." ECF No. 37 at ¶ 11. This roundabout way of making this point begs the question as to why Plaintiff was not more direct about his purported lack of interaction with Efinancial's website and the evidence Efinancial presented about his request for a life insurance quote.

Further, these statements are conclusory and self-serving in that Plaintiff simply attests to the accuracy of his prior statements that he did not visit Efinancial's website. Plaintiff presents no evidence supporting his declaration to show that he did not visit the website, such as his Internet browser history on his computer and other devices for April 6 or any details as to his whereabouts or activities on that date. The information about the insurance quote request that was provided to Plaintiff states the exact date and time of the request, *see* ECF No. 30 (filed under seal), and yet

2

Defendant's Reply in Support
of its Motion for Summary Judgment,
Case No. 2:20-cv-01351

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000

Plaintiff points to no evidence to show what he was doing on that date and at that time to support his contention that he did not submit the request. When the non-moving party fails to produce enough evidence to create a genuine issue of material fact, as Plaintiff has done here, summary judgment in favor of the moving party is warranted. *United States v. Elmore*, No. C05-0810JLR, 2012 U.S. Dist. LEXIS 96964, at *13 (W.D. Wash. July 12, 2012).

Moreover, Plaintiff's declaration does not dispute the fact that his conversation with Efinancial representatives led them to believe that he submitted a request for a life insurance quote. While Plaintiff generally argues that there is "nothing wrong with a consumer advocate posing as an interested customer," ECF No. 36 at 7, Plaintiff makes no mention of this in his declaration and therefore presents no evidence that he was posing as an interested customer after receiving a call that he did not request. Furthermore, as Efinancial argued in its Motion, Plaintiff did not need to investigate the call from Efinancial because the Efinancial representative ***immediately*** identified himself as calling from Efinancial, negating any need for an "investigation" to determine who the caller was. ECF No. 24 at 18. Thus, that fact that Plaintiff engaged in almost 27 minutes of conversation with two Efinancial representatives and answered a series of personal and health related questions suggests that Plaintiff did request to be called. *Id.* Indeed, Plaintiff provided his home address, information about his mortgage and household income, and information about his children. ECF No. 28-1, Exhibit A to the Declaration of Terance A. Gonsalves, April 7, 2020 Phone Call Transcript ("Tr.") 3:9-10; 6:16-8:15; 11:21-23. Plaintiff also answered questions about tobacco use, moving violations, criminal convictions, medical diagnoses, medical treatments, and hospitalizations. Tr. 9:12-13:23. The provision of this information was not necessary to conduct any "investigation," and there was no reasonable basis for Plaintiff to provide this immensely private information other than a genuine interest in obtaining a life insurance quote.

Plaintiff also tries to cast doubt on the identity of the person who submitted his information by pointing to various details about the data that Efinancial received in Plaintiff's request for a quote. *Id.* at ¶¶ 13-17. However, none of his points create a genuine issue of material fact as to

3

Defendant's Reply in Support
of its Motion for Summary Judgment,
Case No. 2:20-cv-01351

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000

whether he, as opposed to some other person, submitted a life insurance request with Plaintiff's personal information.

*First*, Plaintiff claims that the IP address for the request submission is located in California and reflects Google as the internet service provider, while Plaintiff lives in Ohio and claims not use Google. However, courts have acknowledged that IP addresses can be unreliable indicators of physical location. *See, e.g.*, *Commonwealth v. Molina*, 71 N.E.3d 117, 126 (Mass. 2017) (finding that an IP address alone is too unreliable to support probable cause); *see also* A. Mackey, S. Schoen, & C. Cohn, *Unreliable Informants: IP Addresses, Digital Tips and Police Raids*, ELECTRONIC FRONTIER FOUNDATION (Sept. 2016), at 8-10, https://www.eff.org/files/2016/09/22/2016.09.20_final_formatted_ip_address_white_paper_0.pdf (explaining "why IP addresses alone are not always location proxies"); *Molina*, 71 N.E.3d at 122 n.2 ("An IP address does not identify an exact physical location, only an electronic destination on the Internet."). Indeed, while Plaintiff claims that the IP address associated with his request is located in California, various publicly available websites list the IP address as being located in North Charleston, South Carolina,[1] underscoring the unreliability of the location. Thus, the IP address's purported location of California provides no meaningful information about who submitted a life insurance request with Plaintiff's information and does not create a genuine issue of material fact.

Plaintiff also notes that "the IP address appears on a list of public proxies posted on the *same day* of the purported opt in on a website thread in the Philippines related to technology and computer hacking." ECF No. 36 at 13 (emphasis in original). It is not clear what this is meant to accomplish, but to the extent Plaintiff is speculating that a hacker submitted the life insurance

---

[1] https://www.ip-adress.com/ip-address/ipv4/34.73.42.211; https://whatismyipaddress.com/ip/34.73.42.211.

4

Defendant's Reply in Support
of its Motion for Summary Judgment,
Case No. 2:20-cv-01351

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000

quote request, "mere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996).

***Second***, Plaintiff claims that the date of birth, height, and weight provided to Efinancial are inaccurate. However, Ms. Marie Boisseau, Efinancial's Marketing Operations & Compliance Manager, explained in her declaration that height and weight, among other data points, are temporarily auto-populated when a customer submits a request for a life insurance quote. ECF No. 25, Declaration of Marie Boisseau ("Boisseau Decl.") ¶ 34. Thus, the height and weight in Plaintiff's request are admittedly not Plaintiff's height and weight. Moreover, the fact that this information and the date of birth may be inaccurate does not mean Plaintiff did not enter the information on Efinancial's website.

Finally, Plaintiff disingenuously claims that he has never heard of the email address that was provided with his request, i.e., domiallender@aol.com. However, a simple Google search of the email address reveals that it is associated with a person named John A. Johansen, who is associated with the exact same address that Plaintiff provided to Efinancial during the April 7, 2020 call.[2] Another publicly available website links a John A. Johansen to both Plaintiff's phone number and address and lists "Kenneth W. Johansen" as a possible relative.[3] This connection between Plaintiff and the email address, and the fact that he is a serial Plaintiff who has been called out for bringing a "lawsuit based on a ruse,"[4] negates any genuine issue of material fact on this point.

In sum, Plaintiff presented a conclusory, self-serving declaration and unsuccessfully attempts to poke holes in the data provided to Efinancial to show that a genuine issue of material fact exists as to who submitted a request for a life insurance quote with his information. In contrast,

---

[2] https://thatsthem.com/name/John-A-Johansen.
[3] https://www.truepeoplesearch.com/details?name=John%20Johansen&citystatezip=Dublin%2C%20OH&rid=0x0.
[4] *Johansen v. Nat'l Gas & Elec. LLC*, No. 2:17-cv-587, 2017 U.S. Dist. LEXIS 208878, at *8 (S.D. Ohio Dec. 20, 2017).

5

Defendant's Reply in Support
of its Motion for Summary Judgment,
Case No. 2:20-cv-01351

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000

Efinancial presented undisputed evidence that it only calls customers who provide consent to be called, that it received a request for a life insurance quote that included Plaintiff's name and phone number, among other information, and that Plaintiff engaged in a nearly 27-minute call with Efinancial representatives in which he provided personal and health information about himself and expressed interest in obtaining a life insurance quote.

Disputes of material facts must be *genuine* to withstand summary judgment, meaning that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In light of the evidence presented, no reasonable jury could find that someone other than Plaintiff submitted the life insurance request, thereby providing consent to be called. As such, no genuine issue of material fact exists.

### B.   The Safe Harbor Defense Applies to Efinancial.

The safe harbor defense applies to Efinancial, and Plaintiff's argument to the contrary fails. Plaintiff contends the safe harbor defense does not apply because Efinancial did not call Plaintiff in error and because Efinancial has not demonstrated that it meets certain standards enumerated in the regulations. However, Efinancial's call to Plaintiff, to the extent it was not Plaintiff who submitted the life insurance quote request, was in "error" as the term has been interpreted by relevant case law. And while Efinancial acknowledges that one of the regulatory standards includes the purchase of and access to the National DNC Registry, Efinancial has substantially complied with the regulation in a manner that is consistent with the TCPA's purpose and should therefore be afforded the protection of the safe harbor defense.

#### 1.   Efinancial Called Plaintiff in Error.

Plaintiff claims that Efinancial did not call him in error because Efinancial intentionally called Plaintiff after he had requested to be placed on Efinancial's do-not-call list five years ago. This argument misapprehends courts' interpretation of "error" in this context and is factually inaccurate. The court in *Simmons v. Charter Communications, Inc.* provides helpful guidance on the interpretation of an "error" as used in the safe harbor defense. 222 F. Supp. 3d 121, 135-36

Defendant's Reply in Support
of its Motion for Summary Judgment,
Case No. 2:20-cv-01351

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000

(D. Conn. 2016), *aff'd*, 686 F. App'x 48 (2d Cir. 2017).  As explained more fully in Efinancial's Motion, the *Simmons* court applied the ordinary definition of the term "error" and concluded that the defendant placed the call in error because it was predicated on the "mistaken belief" that it was calling a number belonging to its customer when it actually called a number belonging to the plaintiff, whose number was on the National DNC Registry.  *Id*.  That belief, the court concluded, was reasonable but false, meaning the call was an error.  *Id.* at 136.  Similarly, to the extent Plaintiff did not submit a request for life insurance quote, Efinancial's call to Plaintiff was predicated on the mistaken but reasonable belief that Plaintiff was the one who submitted the request and consented to being called.

This belief was reasonable even in light of Plaintiff's prior request, five years earlier, to be placed on Efinancial's do-not-call list given that Efinancial had received a new request for a life insurance quote from a person it believed to be Plaintiff on April 6, 2020.  Plaintiff argues that it was unreasonable for Efinancial to rely on any evidence of consent because the IP address associated with Plaintiff's request is used by Google and located in California, while Plaintiff lives in Ohio.  But at the time of the request and at the time of the two calls, Efinancial had no reason to question and no reasonable way to confirm the IP address's purported location.  And as described above, physical locations associated with IP addresses are simply not reliable.

Plaintiff fails to meaningfully distinguish *Simmons* or present any argument as to why the logic of *Simmons* does not apply here.  Plaintiff claims that Efinancial's conduct of calling Plaintiff was intentional, removing the availability of the safe harbor defense.  Yet the call in *Simmons* was made intentionally in the sense that Plaintiff argues here – the defendant intentionally placed a call in the same way that Efinancial intentionally placed its call.  The lack of intention arises from the circumstances surrounding the call.  In *Simmons*, the defendant unintentionally called a person with whom the defendant believed that it had an existing business relationship.  Here, to the extent Plaintiff claims that he did not submit a life insurance request, Efinancial unintentionally called a person whom it believed had consented to being called.  And while Plaintiff suggests that an error

7

Defendant's Reply in Support
of its Motion for Summary Judgment,
Case No. 2:20-cv-01351

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000

in this context must result from a procedural breakdown, the *Simmons* court specifically noted that a "procedural breakdown is the sine qua non of the safe harbor provision." *Id.* at 135.

Plaintiff points to several cases that stand for the proposition that there is no good-faith defense to TCPA liability, ECF No. 36 at 12-13, but Efinancial is not arguing that its good-faith belief that Plaintiff consented to be called alone should absolve it of any liability. Instead, Efinancial contends that its call to Plaintiff was in error based on the mistaken but reasonable belief that Plaintiff provided consent to be called, thus qualifying it for the safe harbor defense. As the Ninth Circuit has acknowledged, safe harbor defenses are necessary because intent cannot defeat TCPA liability. *N. L. v. Credit One Bank, N.A.*, 960 F.3d 1164, 1170 (9th Cir. 2020). Plaintiff also argues that no court has found a factual circumstance such as this one to amount to a safe harbor defense, but as Efinancial previously noted, there is little case law interpreting this safe harbor defense. However, the lack of occasion for courts to consider the application of the safe harbor defense does not mean that it does not apply here, and consideration of the relevant principles shows that the defense does apply to the facts of this case.

Finally, Plaintiff suggests that if the Court were to find that Efinancial's call to Plaintiff was in error, then every defendant would be able to avoid TCPA liability by claiming it had permission to contact the plaintiff. That is simply not true. Again, Efinancial is not claiming that it thought, without reason, that Plaintiff consented to be called and should be absolved of liability. Instead, Efinancial has presented evidence that it only accepts a customer's information when that customer has provided consent to be called, it does not accept a request for information when the request does not indicate that consent to be call was provided with the request, and it does not purchase data or lists with customer information that could belong to a customer who did not provide consent. Boisseau Decl. ¶¶ 19-23. In other words, Efinancial has shown that it ensures that it has consent to call before dialing customers, meaning it reasonably believed that Plaintiff provided consent to be called based on the request for a life insurance quote it received with

8

Defendant's Reply in Support
of its Motion for Summary Judgment,
Case No. 2:20-cv-01351

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000

Plaintiff's name and phone number, and if Plaintiff was not the one who submitted the request, the call to Plaintiff was in error.

### 2. Efinancial Maintains a Do-Not-Call List and Substantially Complies with the Regulatory Requirements.

The safe harbor defense also requires an entity to comply with certain requirements regarding its practices and procedures to ensure compliance with the TCPA. In its motion, Efinancial presented evidence about the practices and procedures it implements and how it complies with those regulatory standards. Plaintiff takes issue with just two of the standards: the maintenance of an internal do-not-call list and the purchase and access of the National DNC Registry.

#### a. There is No Genuine Issue of Material Fact as to Whether Efinancial Maintains a Do-Not-Call List.

Plaintiff claims that there is a dispute as to whether Efinancial maintains an internal do-not-call list because Plaintiff received calls from Efinancial after requesting to be placed on Efinancial's do-not-call list in 2015. This argument neglects the fact that Efinancial received a request to call Plaintiff April 6, 2020 *after* placing him on the do-not-call list in 2015. As described in Efinancial's Motion and above, Efinancial called Plaintiff because he provided consent to be called. By submitting a request for life insurance, Plaintiff indicated that he did in fact want to be called, negating any need for Efinancial to confirm whether Plaintiff was previously on Efinancial's do-not-call list. As such, the fact that Efinancial called Plaintiff is not "prima facie" evidence that Efinancial does not maintain a do-not-call list.

In contrast to Plaintiff's unsupported assertions, Efinancial presented evidence that it maintains an internal do-not-call list. *See* Boisseau Decl. ¶¶ 14-16. Moreover, the fact that Efinancial has not called Plaintiff for the purpose of providing a life insurance quote since he requested to be placed on the do-not-call list at the end of his conversation with Ms. Mangat on April 7, 2020, provides further support for the fact that Efinancial does maintain a do-not-call list.

9

Defendant's Reply in Support
of its Motion for Summary Judgment,
Case No. 2:20-cv-01351

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000

*Id.* at ¶ 45. The same is true for Plaintiff's request to be placed on Efinancial's do-not-call list in 2015 – after Plaintiff's request, Efinancial did not call Plaintiff for the purpose of providing a life insurance quote until Plaintiff submitted a request for a quote on April 6, 2020 and provided consent to be called. Therefore, there is no dispute of fact as to whether Efinancial maintains a do-not-call list, and Efinancial complies with this regulatory standard.

### b. Efinancial Has Substantially Complied with the Regulatory Standards.

Finally, Plaintiff claims that the safe harbor defense is unavailable to Efinancial because it did not proffer evidence to show that Efinancial has purchased and accessed the National DNC Registry. While Efinancial acknowledges that the regulation references the purchase of and access to the National DNC Registry, the safe harbor defense should still be applied here because Efinancial substantially complies with the regulation in a manner that fulfills the TCPA's purpose.

The Ninth Circuit recognizes the doctrine of substantial compliance, which "is an equitable doctrine designed to avoid hardship in cases where the party does all that can reasonably be expected of him." *Sawyer v. Cnty. of Sonoma*, 719 F.2d 1001, 1008 (9th Cir. 1983). "Substantial compliance with regulatory requirements may suffice when such requirements are procedural and when the essential statutory purposes have been fulfilled." *Shotgun Delivery, Inc. v. United States*, 269 F.3d 969, 973-74 (9th Cir. 2001); *see also Sawyer*, 719 F.2d at 1008 ("[T]he doctrine can be applied only where invocation thereof would not defeat the policies of the underlying statutory provisions.").

The application of substantial compliance is appropriate here because Efinancial has established procedures that fulfill the TCPA's purpose. Efinancial only calls customers who provide consent to be called, extensively trains its personnel on do-not-call procedures, and maintains an internal do-not-call list. These practices ensure that Efinancial fulfills the TCPA's purpose: "to protect consumers from the unwanted intrusion and nuisance of unsolicited telemarketing phone calls and fax advertisements." *Van Patten v. Vertical Fitness Grp.*, 847 F.3d

Defendant's Reply in Support
of its Motion for Summary Judgment,
Case No. 2:20-cv-01351

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000

1037, 1043 (9th Cir. 2017).  By only calling consumers who request to be called and then placing a consumer on its do-not-call list if the consumer no longer wishes to be called, Efinancial prevents the "unwanted intrusion and nuisance" associated with unsolicited telemarketing calls.  Indeed, Efinancial's procedures prevent unsolicited calls because they ensure that Efinancial *only* calls customers who have requested a life insurance quote.  Because Efinancial only calls customers who have requested a life insurance quote, it does not need to access National DNC Registry because it only calls customers who have consented to be called.  This comports with the spirit of the TCPA and its implementing regulations, and Efinancial's processes and procedures fulfill the TCPA's essential statutory purpose of preventing unsolicited phone calls.

To be sure, an entity can still fulfill the purpose of the TCPA without purchasing or accessing the National DNC Registry by using other methods to prevent unsolicited phone calls, such as ensuring consent like Efinancial does.  In other words, an entity's failure to access or subscribe to the National DNC Registry does not necessarily disserve the TCPA's purpose where an entity like Efinancial has taken substantial steps to ensure that the "unwanted intrusion and nuisance" associated with unsolicited telemarketing calls does not occur.  Thus, the substantial compliance standard is appropriate here, and Efinancial should be afforded the safe harbor defense to the single telephone call at issue here.

Further, while the TCPA is meant to protect consumers, the statute and its implementing regulations were not meant to ignore legitimate business interests.  Congressional Statement of Findings, § 2 of Pub. L. 102-243 (Dec. 20, 1991) ("Individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices."); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 7 FCC Rcd. 8752, 8754 (F.C.C. Sept. 17, 1992) (FCC acknowledgment that its task was "to implement the TCPA in a way that reasonably accommodates individuals' rights to privacy as well as the legitimate business interests of telemarketers."); *see also Hovila v. Tween Brands, Inc.*, No. C09-0491RSL,

11

Defendant's Reply in Support
of its Motion for Summary Judgment,
Case No. 2:20-cv-01351

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000

2010 U.S. Dist. LEXIS 34861, at *41 (W.D. Wash. Apr. 7, 2010) (acknowledging that the TCPA balances both consumer protection *and* legitimate business interests).

Here, Efinancial called Plaintiff after receiving his request for a life insurance quote and consent to call him. Plaintiff claims that he was not the one who submitted the request and provided consent *and* that to avoid liability, Efinancial should have known that he was not the one who submitted the request and provided consent. Accepting this theory of liability puts Efinancial and other similar companies who require consent to be contacted in an untenable position. Finding Efinancial liable here would prevent Efinancial and other entities from being able to rely on any consent that they receive from customers who actually want to be contacted, which is not what is required by the TCPA.

As described in its Motion and shown by the undisputed evidence, Efinancial implements various practices and procedures to comply with the TCPA and its regulations. Efinancial maintains that there is no genuine issue of a material fact that Plaintiff submitted the life insurance quote request and consented to be called. But even if he did not, it would be inequitable to hold Efinancial, a company that has stringent practices and procedures in place with comply with the TCPA, liable for making a call to someone who Efinancial had every reason to believe had provided consent to be called where the TCPA provides a safe harbor for just these circumstances.

## III.    CONCLUSION

For the reasons set forth above and those stated in its motion, Efinancial respectfully requests that the Court grant its motion for summary judgment.

Date: June 4, 2021

/s/ Terance A. Gonsalves
Terance A. Gonsalves (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
1201 W. Peachtree St. NW
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404)) 881-7777
terance.gonsalves@alston.com

12

Defendant's Reply in Support
of its Motion for Summary Judgment,
Case No. 2:20-cv-01351

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000

1
2
3
4              Matthew S. Adams
               **FORSBERG & UMLAUF, P.S.**
               901 Fifth Avenue, Suite 1400
               Seattle, WA 98164
               206-346-3945

5              *Counsel for Defendant Efinancial LLC*

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27                              13
28  Defendant's Reply in Support                    **ALSTON & BIRD LLP**
    of its Motion for Summary Judgment,             1201 West Peachtree Street
    Case No. 2:20-cv-01351                          Atlanta, GA 30309
                                                    Telephone: (404) 881-7000

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 4, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically sends an electronic notification to all counsel of record and other CM/ECF participants.

/s/ Terance A. Gonsalves
Terance A. Gonsalves

14

Defendant's Reply in Support
of its Motion for Summary Judgment,
Case No. 2:20-cv-01351

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000