THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

KENNETH JOHANSEN, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

EFINANCIAL, LLC, a Washington Limited Liability Company,

Defendant.

NO. 2:20-cv-01351-RAJ-BAT

**PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION**

NOTED ON MOTION CALENDAR:
July 12, 2021

PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION
Case No. 2:20-cv-01351-RAJ-BAT

**TURKE & STRAUSS LLP**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

## I. INTRODUCTION

The fact that Mr. Johansen did not consent to be called is undisputed. Despite having the burden of proof on the issue, Efinancial has not come forward with any competent evidence that Mr. Johansen consented on its website or otherwise. All Efinancial has submitted is a string of data regarding a website visit, but almost none of that data matches Mr. Johansen's correct information. On the other hand, Mr. Johansen has submitted sworn testimony under penalty of perjury that he did not visit the website. Under a proper application of the summary judgment standard, Efinancial's motion for summary judgment must be denied on these facts alone.

However, the magistrate judge turned the summary judgment standard on its head. Mr. Johansen's sworn testimony was completely disregarded in favor of strained and illogical inferences in Efinancial's favor. The "unreliability" of Efinancial's own evidence was held against Mr. Johansen rather than the other way around.

The magistrate judge then went on to consider whether the safe harbor to the TCPA's Do Not Call provision would apply even if Mr. Johansen didn't consent. It was undisputed that Efinancial did not meet the explicit requirements to invoke that safe harbor. However, the magistrate judge reached the unprecedented conclusion that Efinancial did not have to comply with the statute simply because it represented in a declaration that it gathers consent before making any calls—an assertion contradicted by all other evidence in the record relating to consent. If the TCPA is to offer consumers any meaningful protection against unwanted telemarketing calls, compliance with the statute cannot be excused so easily.

## II. LAW AND ARGUMENT

**A.    Mr. Johansen did not provide prior express consent to be called.**

There are a multitude of errors in the magistrate judge's analysis of the consent issue, but the most logical place to start is with a notion that underlies the entire report and recommendation—that Mr. Johansen playing along with Efinancial's sales pitch is proof that he consented to be called. The magistrate judge did not understand why a consumer would stay on

PLAINTIFF'S OBJECTION TO REPORT AND
RECOMMENDATION - 1
Case No. 2:20-cv-01351-RAJ-BAT

**TURKE & STRAUSS LLP**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 608.237.1775 ● FAX 608.509.4423
www.turkestrauss.com

the phone for 27 minutes with a telemarketer if they did not consent to be called. But the answer is simple. The TCPA provides for vicarious liability, and all potentially liable companies were not identified at the outset of the unlawful call.

Here, Efinancial identified itself, but it wasn't until much later in the sales pitch that the seller whose product was being pitched, Fidelity Life, was finally identified.[1] (*See* Doc. 28-1 pp. 15-21.) Shortly after Fidelity Life was identified, Mr. Johansen began asking questions to investigate the relationship between Efinancial and Fidelity Life, including exploring whether Efinancial was an exclusive agent.[2] (*Id.*) In all, about 10 pages of the 28-page transcript are occupied by Mr. Johansen's investigation. Mr. Johansen states numerous times in the transcript that he *didn't request an insurance quote and didn't want an insurance policy*, and he even testified under penalty of perjury that those statements were true, yet the magistrate judge found that a jury could only consider those statements lies. (*See* Doc. 28-1 pp. 18, 25-28.) But if a juror can (wrongfully) consider pages 1-17 of the transcript as *suggesting* that Mr. Johansen requested an insurance quote, surely that same juror can reasonably consider pages 18-29 of that same document—where Mr. Johansen *explicitly states* he didn't request a quote and acts accordingly—as evidence tending to show Mr. Johansen didn't consent. Moreover, the theory that Mr. Johansen suddenly started lying on page 18 of the transcript and continued to do so throughout his sworn declaration is nonsensical. In particular, if Mr. Johansen was legitimately interested in obtaining an insurance quote from Efinancial, why would he spell his own name wrong and provide a wrong date of birth and an email address of "domiallender@aol.com" that he has testified under penalty of perjury he has never heard of?

Perhaps the clearest example of the magistrate judge's failure to follow the summary judgment standard was in connection with the string of purported consent data Efinancial

---

[1] Moreover, through engaging the caller, Mr. Johansen verified that the caller was in fact from Efinancial.
[2] Mr. Johansen has not asserted a claim here against Fidelity Life, but the relationship is clearly substantial. Efinancial's sales representative informed Mr. Johansen that Efinancial is a subsidiary of Fidelity Life, the company that "[came] back with the best rate" for Mr. Johansen just so happened to be Fidelity Life, and Efinancial's TCPA training materials bear the names of both companies on each page. (*See* Doc. 28-1 pp. 15, 19-21; Doc. 25-4.)

PLAINTIFF'S OBJECTION TO REPORT AND
RECOMMENDATION - 2
Case No. 2:20-cv-01351-RAJ-BAT

TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

submitted. The IP address tracked to a location over 2,000 miles away from Mr. Johansen and was owned by a company that has never been Mr. Johansen's ISP, but the magistrate judge found that a jury could not consider those facts as tending to exculpate Mr. Johansen because IP addresses "*can be* unreliable indicators of physical location."[3]

Somehow *the "unreliability" of Efinancial's own evidence was held against Mr. Johansen* rather than the other way around.[4] Rather than find Efinancial hadn't met its burden, the magistrate judge held Mr. Johansen to an impossible standard. The magistrate judge found it significant that Mr. Johansen didn't submit his browsing history for the date of the website visit (as if a reason wouldn't have been found to disbelieve that too) and actually went as far as to fault him *for not providing an alibi demonstrating it was impossible for him submit an online form* at the date and time in question in an era where the vast majority of Americans have access to the internet at all times.

The magistrate judge found Mr. Johansen was "speculating" that someone else submitted his information, but he is not speculating. He is 100% sure and swore under penalty of perjury that he didn't submit it, therefore by definition someone else did. Again, the magistrate judge held Mr. Johansen to an impossible standard of explaining who did and why, but he simply doesn't know. He knows that Efinancial, its affiliates, its "affinity partners," its "Vendors" (as in the "Vendor Source" associated with the website), and any third parties they might use to help generate web traffic would have an obvious incentive to obtain consumer information and submit fraudulent requests for insurance quotes, increasing the pool of leads that could be called and increasing the compensation of entities involved with lead generation, particularly if

---

[3] A closer look at the case cited by the magistrate judge reveals that this quotation was selective, as the full quotation reads: "Although IP addresses *alone* can be unreliable indicators of location, they suffice [to give law enforcement probable cause] when corroborated by the Internet Service Provider, as occurred here." *See Commonwealth v. Molina*, 71 N.E.3d 117, 126 (Mass. 2017). Mr. Johansen has corroborated the fact that the IP address at issue doesn't track to anywhere near him because he has provided sworn testimony that he does not use Google for an ISP. Meanwhile, Efinancial, who has the burden of proof, has done absolutely nothing to connect the IP address at issue to Mr. Johansen.

[4] When it came to drawing strained inferences against Mr. Johansen, the reliability of www.thatsthem.com was never questioned.

PLAINTIFF'S OBJECTION TO REPORT AND
RECOMMENDATION - 3
Case No. 2:20-cv-01351-RAJ-BAT

**TURKE & STRAUSS LLP**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

compensation was on a per-lead basis as is commonplace. Mr. Johansen also directed the Court to evidence that the Google IP address was posted on a list of "public proxies" on a forum related to technology and computer hacking based in the Philippines the day after the purported website visit, which is highly suggestive of foul play. (*See* Doc. 36 p. 13.) Admittedly, Mr. Johansen has not yet been able to connect the dots and provide a definitive answer as to who submitted his information—but that was never Mr. Johansen's burden.

B.  **Efinancial did not have a "reasonable basis" to call Mr. Johansen.**

The magistrate judge then found that *even if Plaintiff had no intention of obtaining an insurance quote* from Efinancial, summary judgment should *still* be granted to Efinancial because Mr. Johansen's behavior after the TCPA was already violated was "deceptive." The magistrate judge drew an analogy to another case where the court *sua sponte* surmised on a limited factual record that subsequent calls after the initial call may not have been actionable because "Mr. Johansen's deceptive conduct gave NG&E an objectively reasonable basis for believing that [plaintiff] had established a business relationship with the defendant."[5]

This case is nothing like the *NG&E* case because Mr. Johansen never called Efinancial and there were *no subsequent calls from Efinancial to him* after Mr. Johansen played along with the sales pitch. Indeed, Mr. Johansen had previously explicitly requested to be placed on Efinancial's DNC list. The magistrate judge's ruling that "*prior* express consent" can be provided *after* an unlawful call is made is completely unprecedented and clearly erroneous.[6]

---

[5] Notably, the magistrate judge only cited to a quote from the show cause order, and not to the court's actual opinion after the court was provided with the facts—which were that an unrelated telemarketing vendor of the same seller called him on its own initiative in an attempt to *create* a business relationship, without any knowledge that another vendor had previously called him or of any so-called "deceptive conduct" on those calls. Once the *NG&E* court was provided with the facts, all comments suggesting Mr. Johansen engaged in improper behavior ceased.

[6] In that same paragraph, the magistrate judge stated that "*according to Efinancial*, this is not the first time that Plaintiff has engaged in this 'bait-and-switch' behavior" and proceeded to note that he has filed 39 other cases in the last 6 years. There is no suggestion the magistrate judge actually looked into the circumstances of any of those cases (besides *NG&E*, which was the only one Efinancial thought was worth citing). Rather, it appears that Efinancial got the benefit of an inference that Mr. Johansen has engaged in improper conduct in the past simply because Efinancial said so. The far more reasonable, and in fact correct, inference is that the number of cases he has filed without a single one being found to be frivolous demonstrates that Mr. Johansen *doesn't* bring frivolous cases.

PLAINTIFF'S OBJECTION TO REPORT AND
RECOMMENDATION - 4
Case No. 2:20-cv-01351-RAJ-BAT

**TURKE & STRAUSS LLP**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

## C. Efinancial is not entitled to be excused from compliance with the TCPA.

It is undisputed that Efinancial did not meet the explicit requirements to invoke the safe harbor to the TCPA's Do Not Call provisions. Efinancial acknowledged that it doesn't actually purchase or access the Do Not Call Registry. The magistrate judge, however, excused Efinancial from these requirements on the basis of a finding that "[b]ecause Efinancial calls only those customers who have requested a life insurance quote and consented to be called, it does not need to access the National DNC Registry." This finding was erroneous (and based on an argument raised for the first time on reply) because "always gathering consent" is not a substitute for compliance with the TCPA's express safe harbor requirements. There is no provision of the TCPA that allows for mere "substantial compliance."[7]

This fundamental legal error was compounded by the magistrate judge's erroneous finding that the record evidence indisputably established Efinancial's substantial compliance with the safe harbor requirements. Despite that the fact that the only purported evidence of consent in the record was almost completely inaccurate, the Court drew an inference in Efinancial's favor that the call to Mr. Johansen was a one-time aberration rather than the more likely case that it is evidence of a systemic problem its consent procedures.[8]

Moreover, Efinancial failed to show "written procedures" regarding Efinancial's consent gathering practices as required by 47 C.F.R. § 64.1200(c)(2)(i)(A). It provided *no* evidence of any written procedures as to consent. Efinancial's written procedures only cover what happens

---

[7] *See, e.g., Linscott v. Vector Aero.*, No. CV05-682-HU, 2007 U.S. Dist. LEXIS 55841, at *11 (D. Or. July 27, 2007) ("I do not find plaintiffs' argument for substantial compliance persuasive. First, no provision in the SSCRA permits the court to excuse the servicemember from providing a copy of his orders to a creditor on the basis of 'substantial compliance,' and I decline to rewrite the statute Congress passed."); *Gorss Motels, Inc. v. At&T Mobility, LLC*, 490 F. Supp. 3d 476, 490 (D. Conn. 2020) (doubting sufficiency of substantial compliance with TCPA's requirements and finding even if substantial compliance could be sufficient, the disputed evidentiary record as to the defendant's purported substantial compliance could not support summary judgment).

[8] At Efinancial's request and over Mr. Johansen's objection, discovery has been bifurcated, so Mr. Johansen has been blocked from obtaining any more of Efinancial's purported consent data regarding other consumers. But if Efinancial's purported consent gathering practices are going to now be a substitute for compliance with the TCPA's safe harbor requirements, then it is imperative that Mr. Johansen be allowed discovery on that purported consent as to other consumers. If the rest of the purported consent data is filled with inaccurate consumer information, surely Efinancial is not entitled to summary judgment as to the adequacy of its procedures to ensure TCPA compliance. However, as the substantial compliance argument was raised for the first time on reply, Plaintiff was precluded from rebutting it or identifying this need for additional discovery.

PLAINTIFF'S OBJECTION TO REPORT AND
RECOMMENDATION - 5
Case No. 2:20-cv-01351-RAJ-BAT

**TURKE & STRAUSS LLP**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

after a call is already made. In that way, this case is similar to *In re Dynasty Mortgage, L.L.C.*, 20 FCC Rcd. 4921, 4932 (2005) where the FCC determined a company could not invoke the TCPA's safe harbor where its written materials only "deal[t] with recording company specific do-not-call requests and handling calls that it has already made to consumers registered on the National Do-Not-Call Registry." The FCC further found it significant that: "In fact, rather than presenting a plan that seeks to avoid making calls to telephone numbers contained on the National Registry, the script instead addresses a scenario in which Dynasty calls such a number." *Id.* at 4931.

Here, not only do Efinancial's training materials "address a scenario" where it calls a consumer that hadn't consented, Efinancial actually trains its sales representatives that "*Do Not Call requests are a common occurrence.*" (*See* Doc. 25-4 p. 12.) This is inconsistent with Efinancial's unsupported representation that it always gathers consent. Moreover, as in *Dynasty,* Efinancial has provided no evidence, written or otherwise, of "any type of ongoing compliance monitoring" with respect to gathering consent. *See Dynasty*, 20 FCC Rcd. at 4931.

Likewise, the magistrate judge erroneously concluded that Efinancial had proved an "error," a distinct prerequisite to invoking the safe harbor. The magistrate judge acknowledged that the FCC has instructed that "[a]n error claim should be supported by evidence showing that otherwise unlawful telephone solicitations were made unintentionally and detailing any procedural breakdowns that led to such calls, as well as the steps that the seller has taken to minimize future errors." *Id.* at 4929. Yet the magistrate judge brushed aside the fact that none of this was shown. Indeed, Efinancial hasn't even explained how the "error" could have occurred and apparently still believes there *wasn't any error*. The magistrate judge equated "error" to "mistake." But as explained above, on this record—where all indications are there are serious problems with Efinancial's consent gathering practices and where Mr. Johansen had already explicitly told Efinancial not to call him—the magistrate judge was wrong to conclude, particularly as a matter of law, that Efinancial was "understandably mistaken in its belief" that Mr. Johansen consented.

PLAINTIFF'S OBJECTION TO REPORT AND
RECOMMENDATION - 6
Case No. 2:20-cv-01351-RAJ-BAT

**TURKE & STRAUSS LLP**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

| | |
|---|---|
| 1 | RESPECTFULLY SUBMITTED AND DATED this 28th day of June, 2021. |
| 2 | TURKE & STRAUSS LLP |
| 3 | By:   /s/ Samuel J. Strauss, WSBA #46971 |
|   | Samuel J. Strauss, WSBA #46971 |
| 4 | Email:  sam@turkestrauss.com |
|   | 936 North 34th Street, Suite 300 |
| 5 | Seattle, Washington  98103-8869 |
|   | Telephone: (608) 237-1775 |
| 6 | Facsimile:  (608) 509-4423 |

Anthony I. Paronich, *Admitted Pro Hac Vice*
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510

Avi R. Kaufman, *Admitted Pro Hac Vice*
Email:  kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff*

PLAINTIFF'S OBJECTION TO REPORT AND
RECOMMENDATION - 7
Case No. 2:20-cv-01351-RAJ-BAT

**TURKE & STRAUSS LLP**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

# CERTIFICATE OF SERVICE

I, Samuel J. Strauss, hereby certify that on June 28, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Matthew S. Adams
> FORSBERG & UMLAUF, P.S.
> 901 Fifth Ave., Suite 1400
> Seattle, Washington 98164
> Telephone: (206) 246-3946
> Facsimile:  (206) 689-8501
> Email: madams@foum.law
>
> Terance A. Gonsalves, *Admitted Pro Hac Vice*
> ALSTON & BIRD LLP
> 1201 W Peachtree St. NW
> Atlanta, Georgia 30309
> Telephone: (404) 881-7000
> Facsimile:  (404)) 881-7777
> Email: terance.gonsalves@alston.com
>
> J. Andrew Howard
> ALSTON & BIRD LLP
> 333 South Hope Street
> 16th Floor
> Los Angeles, California 90071
> Telephone: (213) 576-1000
> Facsimile:  (213) 576-1100
> Email: andy.howard@alston.com
>
> *Attorneys for Defendant*

DATED this 28th day of June, 2021.

> TURKE & STRAUSS LLP
>
> By:   /s/ Samuel J. Strauss, WSBA #46971
>           Samuel J. Strauss, WSBA #46971
>           Email:  sam@turkestrauss.com
>           936 North 34th Street, Suite 300
>           Seattle, Washington  98103-8869
>           Telephone: (608) 237-1775
>           Facsimile:  (608) 509-4423

PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION - 8
Case No. 2:20-cv-01351-RAJ-BAT

**TURKE & STRAUSS LLP**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com